UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| RPC BRANDS, LLC,<br>1881 N Nash Street, Unit 2301<br>Arlington, VA 22209<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VOLANDO TEQUILA, LLC<br>400 S. Pointe Dr., Apt. 707<br>Miami Beach, FL 33139<br><br>　　　　　Defendant. | Civil Action No. 1:26-cv-363 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

Plaintiff RPC Brands LLC ("Plaintiff" or "RPC Brands") brings this Complaint against Defendant Volando Tequila, PTY LTD ("Defendant" or "Volando") and alleges as follows:

**NATURE OF THE ACTION**

1. This action arises from Defendant's refusal to pay for services it solicited, accepted, and benefitted from a written agreement with Plaintiff.

2. RPC Brands fully performed its contractual obligations. Volando did not dispute performance but instead failed to pay in an amount not less than $49,298.02 in invoiced amounts and then ignored both a formal payment demand and a litigation preservation notice.

3. Having received the benefit of RPC Brands' services without payment or response, Plaintiff now seeks judicial relief to obtain a declaration of its rights and damages for breach.

4. RPC Brands brings this action to obtain a judicial declaration that Volando is obligated to pay outstanding invoices issued under the Agreement and to recover damages for Volando's

1

breach of that Agreement.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Complete diversity exists. Plaintiff is a limited liability company whose members are residents of Virginia. Upon information and belief, Defendant is a limited liability company whose sole member, Jesse Ross, is a resident of Florida. The amount in controversy exceeds $75,000.[1]

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and because the parties expressly agreed to litigate any dispute arising out of the Agreement in Virginia.[2]

## PARTIES

8. Plaintiff RPC Brands LLC is a Delaware limited liability company with its principal place of business in Virginia and is duly authorized to transact business in Virginia (SCC Entity ID No. 11957693). RPC Brands is engaged in the development and growth of wine and spirits brands within the adult-beverage industry. RPC Brands provides strategic consulting, brand development, and sales execution services for portfolio companies through a proprietary sales platform.

9. Upon information and belief, Defendant Volando Tequila LLC is a Wyoming limited liability company with its principal place of business in Florida. Volando is engaged in the production, marketing, and distribution of tequila products.

---

[1] Inclusive of the unpaid amount of invoices totaling not less than $49,298.02 as well as attorneys' fees, cost of suit, and other fees. *See 4D-Enters., LLC v. Aalto Hyperbaric Oxygen, Inc.,* No. 119CV01504AJTIDD, 2020 WL 13750417, at *4 (E.D. Va. June 8, 2020) (holding that an indemnification clause can permit recovery of attorney's fees in a first-party breach action).

[2] The Agreement explicitly states, "[t]his Agreement has been made and delivered in the State of Virginia in which state the offices of Contractor are located. Any action related to or arising out of this Agreement shall be brought solely in the State courts of Virginia or the federal courts located in that state, and the parties irrevocably commit to the jurisdiction of said courts." *See* Exhibit A

## FACTUAL ALLEGATIONS

10. On or about July 20, 2024, RPC Brands and Volando executed a written Master Services Agreement with an attached Statement of Work ("Agreement"). A true and correct copy of the Agreement is referenced herein and will be attached as Exhibit A.

11. Under the Agreement, RPC Brands agreed to provide brand-building, strategic consultancy, and sales execution services to develop and grow the Volando brand, including identifying strategic markets and accounts, presenting the brand to retailers, and executing depletions.

12. Volando agreed to pay RPC Brands a fee of $2,500 per salesperson per month, with all invoices due within seven (7) days of receipt.

13. On or about August 22, 2024, the parties executed an Amendment to the Agreement targeted at the Wisconsin market which provided for an initial two-month test term at $750 per month, with a contractual trigger for a six-month renewal at $2,500 per month if RPC Brands achieved a 30-case sales benchmark. A true and correct copy of the Amendment is referenced herein and will be attached as Exhibit B.

14. RPC Brands fully performed its obligations, including deploying personnel and performing services in accordance with the Agreement and the Amendment.

15. Volando previously remitted payment on invoices issued by RPC Brands in January, February, and March 2025, reflecting the parties' course of performance and Volando's acknowledgment of its payment obligations under the Agreement.

16. Between March and May 2025, RPC Brands issued invoices totaling $49,298.02 which went unpaid.

17. Volando did not dispute the invoices, did not assert non-performance, and did not invoke

any purported contractual right to withhold payment.

18. On July 1, 2025, RPC Brands sent a written demand for payment to Volando identifying the outstanding balance and requesting payment. A true and correct copy of the written demand is referenced herein and will be attached as Exhibit C.

19. Prior to that demand, in June 2025, Volando's chief executive officer ("CEO") sent a written communication to RPC Brands acknowledging severe cash constraints and stating, among other things, that Volando had ceased operations in certain states "to conserve the business," that results had been "well below expectations," that Volando was "in the process of a raise" in order to "facilitate payment plans," and that Volando "cannot pay anything now as we have no money to pay a thing." The CEO further stated that he was "hoping" funding would land "next week" so that payment plans could begin.

20. The June 2025 communication did not dispute RPC Brands' performance, the validity of the invoices, or any contractual obligation to pay; rather, it stated an inability to pay when due and proposed only a potential, future payment plan contingent on outside financing.

21. After RPC Brands' written demand, Volando did not respond, did not dispute the amounts owed, and did not make any payment toward the past-due balance.

22. On October 23, 2025, RPC Brands sent a Notice of Duty to Preserve Evidence. This letter was intended to serve as a notice of anticipation of litigation. A true and correct copy of the notice is referenced herein and will be attached as Exhibit D.

23. Defendant's refusal to pay or respond has made judicial intervention necessary.

24. RPC Brands is entitled to recover its attorneys' fees and costs pursuant to the express terms of the parties' Agreement. Section 8 of the Agreement provides that Volando "agrees to indemnify [RPC Brands] and hold it harmless from any cost or expenses, including attorney fees, and any

and all liability or loss resulting from or arising in any way out of the performance of Services under this Agreement." The claims asserted in this action arise directly out of the performance of services under the Agreement. Accordingly, under the plain language of the Agreement, RPC Brands is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in connection with the enforcement of its contractual rights and the defense of claims arising from its performance of services.

## COUNT I — DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201–2202)

24. Plaintiff incorporates by reference Paragraphs 1-23 as though fully set forth herein.

25. A live controversy exists because Volando, after accepting the benefits of RPC Brands' performance, has refused to pay.

26. By its conduct, Volando has created an actual dispute requiring judicial resolution as to its obligation to pay the invoiced amounts.

27. RPC Brands is entitled to a declaration that Volando is obligated to pay RPC Brands the unpaid invoices pursuant to the Agreement.

## COUNT II — BREACH OF CONTRACT

28. Plaintiff incorporates by reference Paragraphs 1-27 as though fully set forth herein.

29. The Agreement is a valid and enforceable written contract executed by both parties.

30. RPC Brands fully and timely performed all material obligations required of it under the Agreement, including deploying sales personnel and executing the brand-building, market-development, and sales services for which Volando bargained.

31. Volando received, accepted, and benefitted from RPC Brands' performance without objection, reservation, or notice of deficiency.

32. Despite receiving the full benefit of RPC Brands' performance, Volando failed to pay the

invoiced amounts when due and failed to cure after written demand.

33. Volando offered no contractual or factual basis to withhold payment, supplied no dispute notice as contemplated by the Agreement, and instead remained silent in order to retain the benefit of RPC Brands' services without compensation.

34. Volando's refusal to pay constitutes a material breach of the Agreement.

35. As a direct and proximate result of Defendant's breach, RPC Brands has suffered damages in an amount not less than $49,298.02.

36. Because RPC Brands was forced to resort to litigation to secure payment that should have been made without suit, RPC Brands is also entitled to recover attorneys' fees and costs as permitted by Virginia law in actions arising from a party's wrongful refusal to honor contractual obligations.

## COUNT III — ANTICIPATORY REPUDIATION

37. Plaintiff incorporates by reference Paragraphs 1–35 as though fully set forth herein.

38. Volando stated in writing that it "cannot pay anything now" and provided no firm commitment to remit payment except on a speculative and contingent basis tied to hypothetical future fundraising.

39. Such statements, coupled with Volando's failure to respond to formal written demand and failure to propose or implement any binding payment plan, constitute a clear and unequivocal refusal to perform when due.

40. Plaintiff is therefore entitled to treat the Agreement as repudiated and to recover damages flowing from that repudiation, including the full amount of past-due invoices and any additional expectancy or consequential damages allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and award the following relief:

    A. A declaration that Defendant is obligated to pay the invoiced amounts owed to Plaintiff;

    B. Compensatory damages in the amount of $49,298.02 for unpaid invoices;

    C. Compensatory damages in an amount to be determined for attorneys' fees incurred as provided for under the parties' Agreement;

    D. Costs of suit;

    E. Pre- and post-judgment interest; and

    E. Such other relief as the Court deems just and proper.

Date: February 5, 2026                        Respectfully submitted,

                                                    _____
                                                    Robert Powers, Esq. (VSB# 80822)
                                                    MCCLANAHAN POWERS, PLLC
                                                    3160 Fairview Park Drive, Suite 410
                                                    Falls Church, VA 22042
                                                    Telephone: (703) 520-1326
                                                    Facsimile:  (703) 828-0205
                                                            Email: rpowers@mcplegal.com
                                                                     ldavis@mcplegal.com

                                                   Nadin Linthorst*
                                                   New York State Bar No. 5559042
                                                   Lex Politica PLLC
                                                   #129 7415 SW Parkway
                                                   Building 6, Suite 500
                                                   Austin, TX 78735
                                                   Telephone: 512-354-1785
                                                   jessica@lexpolitica.com
                                                   nlinthorst@lexpolitica.com

                                                   **COUNSEL FOR PLAINTIFF**

                                                   *Motion for admission* pro hac vice *forthcoming*

## CERTIFICATE OF TRANSMISSION

      I hereby certify that the forgoing COMPLAINT with referenced EXHIBITS, if any, is being electronically transmitted on the date noted below via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to a credit card concurrently with this filing.

Date: February 5, 2026,   By: _____
                                              Robert Powers, Esq.
                                              *Counsel for Plaintiff*